This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37022**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JONATHAN SOTO,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. Shoobridge, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Margaret Crabb, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Gregory B. Dawkins, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**B. ZAMORA, Judge.**

**{1}**    Defendant, Jonathan Soto, was convicted of various offenses following retrial after his first trial ended in a mistrial. The sole issue raised on appeal is whether, due to prosecutorial misconduct resulting in the mistrial, Defendant's subsequent trial was barred by double jeopardy. For the following reasons, we affirm.

**BACKGROUND**

{2}     Defendant was tried for multiple offenses arising out of incidents occurring when police executed a search warrant at his residence in relation to an investigation for unlawful possession of a firearm. Prior to trial, the district court ruled that the underlying basis for the search warrant would not be presented to the jury. Based on the court's ruling, the prosecutor stated that he would instruct the State's witnesses not to mention the reason for the warrant.

{3}     During its case in chief, the State presented the testimony of three police officers, during which no mention was made of the basis for the search warrant. However, during direct examination of the fourth police officer, Agent Stanley Jordan, the following exchange occurred between the prosecutor and Jordan:

> PROSECUTOR:     Can you please tell me a little bit about the circumstances that led up to you being at the Rex Arms apartments that day?
>
> AGENT JORDAN:   We were there to execute a search warrant.
>
> PROSECUTOR:     And a search warrant, . . . now what was this in regards to?
>
> AGENT JORDAN:   To possession of weapons.

{4}     Defendant then requested a mistrial, which the district court granted based on manifest necessity. The district court stated that a ruling had been made prior to trial prohibiting the State from introducing the basis for the search warrant at trial. The district court found that Agent Jordan's response was in violation of that order, and that Jordan's statement regarding possession of weapons was so prejudicial to the defense that a curative instruction could not correct it. The prosecutor apologized, stating that he had admonished the witnesses not to testify as to the basis for the warrant, but that there must have been a miscommunication.

{5}     The district court subsequently entered a written order declaring a mistrial based on manifest necessity, and reserved jurisdiction and power to retry Defendant on the charges. At the ensuing retrial, Defendant was convicted of all charges, and he now appeals.

**DISCUSSION**

{6}     Defendant argues that, due to prosecutorial misconduct in his first trial resulting in the mistrial, his retrial in this matter violated his constitutional right to be free from double jeopardy. *See State v. Breit*, 1996-NMSC-067, ¶ 32, 122 N.M. 655, 930 P.2d 792 (recognizing that double jeopardy may bar retrial on the basis of official misconduct during the initial trial). "We generally review double jeopardy claims de novo." *State v. Rodriguez*, 2006-NMSC-018, ¶ 3, 139 N.M. 450, 134 P.3d 737. However, "on a claim of prosecutorial misconduct, where factual issues are intertwined with a double jeopardy analysis, we review the district court's fact determinations under a deferential substantial evidence standard of review." *State v. McClaugherty*, 2008-NMSC-044, ¶ 46, 144 N.M. 483, 188 P.3d 1234.

**{7}** "The dismissal of criminal charges for prosecutorial misconduct is an extreme sanction that should be reserved for the most severe prosecutorial transgressions." *State v. Gonzales*, 2002-NMCA-071, ¶ 14, 132 N.M. 420, 49 P.3d 681. Our Supreme Court outlined a three-part test for determining whether retrial is barred following the grant of a defendant's motion for mistrial due to prosecutorial misconduct. Under *Breit*, retrial is barred when (1) improper official conduct is so unfairly prejudicial to the defendant that it cannot be cured by means short of a mistrial or a motion for a new trial; (2) the official knows that the conduct is improper and prejudicial; and (3) the official either intends to provoke a mistrial or acts in willful disregard of the resulting mistrial, retrial, or reversal. 1996-NMSC-067, ¶ 32. For purposes of this analysis, we will assume that the first two *Breit* factors were established and confine our discussion to the third factor, as this issue is dispositive. *See State v. Haynes*, 2000-NMCA-060, ¶ 6, 129 N.M. 304, 6 P.3d 1026 (assuming without decision the presence of the first two *Breit* factors because the absence of the third factor was determinative).

**{8}** With respect to the third *Breit* factor, Defendant does not argue that the prosecutor intended to provoke a mistrial. The question then is whether the record is sufficient to establish that the prosecutor acted in willful disregard of a resulting mistrial, retrial, or reversal. In *Breit*, our Supreme Court explained that the term "willful disregard" means "a conscious and purposeful decision by the prosecutor to dismiss any concern that his or her conduct may lead to a mistrial or reversal." 1996-NMSC-067, ¶ 34. The standard also incorporates the idea that "the prosecutor is actually aware, or is presumed to be aware, of the potential consequences of his or her actions." *Id.* "[T]he *Breit* objective standard is based on the prosecutor's conduct as it manifests at the trial, not the motivation for that conduct." *McClaugherty*, 2008-NMSC-044, ¶ 27. However, "when the intent to provoke a mistrial is absent, "the misconduct necessary to bar a retrial must be extraordinary." *State v. Lucero*, 1999-NMCA-102, ¶ 26, 127 N.M. 672, 986 P.2d 468 (internal quotation marks and citation omitted).

**{9}** Defendant argues that the prosecutor walked Agent Jordan into giving the testimony regarding weapons by his question and that he knew or should have known that the question would elicit the response given. Defendant argues that we therefore should assume that the prosecutor sought to elicit the prohibited response. We agree with Defendant that the prosecutor's question solicited the response given by Agent Jordan. However, while the improper question may have constituted a sufficient basis for the district court's decision to order a mistrial, it alone does not rise to the level of willful disregard sufficient to bar retrial. *See State v. Hernandez*, 2017-NMCA-020, ¶ 27, 388 P.3d 1016 (stating that this Court has recognized that despite walking a witness right to the answer that was the proper basis for mistrial, remand for a new trial is the appropriate remedy for such an intentional act by a prosecutor); *see also Breit*, 1996-NMSC-67, ¶ 33 (recognizing that "[t]he idea that the misconduct must be so prejudicial as to cause a mistrial or new trial suggests that double jeopardy will rarely bar reprosecution if the misconduct is an isolated instance during the course of an otherwise fair trial"); *see also McClaughterty*, 2008-NMSC-044, ¶ 58 (stating that the threshold for "willful disregard" was always intended to be high).

**{10}** Here, Defendant only points to one instance of an improper question by the prosecutor and does not argue that the trial was otherwise unfair. Therefore, this case does not reflect the level of "pervasive, incessant, and outrageous" misconduct that would demonstrate that the prosecutor acted in willful disregard of Defendant's right to a fair trial. *Cf. Breit*, 1996-NMSC-067, ¶ 37; *State v. Huff*, 1998-NMCA-075, ¶ 23, 125 N.M. 254, 960 P.2d 342 (concluding that the prosecutor's conduct amounted to willful disregard of a resulting mistrial where the prosecutor persisted in improper questioning despite repeated sustained objections and warnings from the district court); *see also McClaugherty*, 2008-NMSC-044, ¶ 25 (observing that the bar of double jeopardy is an exceedingly uncommon remedy which applies only in cases of the most severe prosecutorial transgressions).

**{11}** We note that in *McClaugherty*, our Supreme Court concluded that the prosecutor's conduct was "willful" and barred retrial even though the prosecutor's misconduct involved a single incident. However, in *McClaugherty*, the single incident involved the "introduction of nonexistent evidence at worst, or at best, inadmissible hearsay through . . . cross-examination questions" used to impeach the defendant by claiming, in front of the jury, that the defendant had admitted to multiple witnesses that he was the shooter. *Id.* ¶¶ 9, 60, 63. The Court also found it significant that this misconduct occurred shortly before the end of trial, "when the weakness of the [s]tate's case [would have been more] apparent." *Id.* ¶ 60. Additionally, in considering this misconduct in the context of the entirety of the circumstances, our Supreme Court noted other instances of problematic conduct on the part of the prosecutor, including that he "(1) interviewed a crucial witness without her lawyer of record present; (2) did not inform the defense that he had conducted an interview with this witness; (3) never intended to call this witness at trial; and (4) introduced the content of this interview through his cross-examination questions [with the d]efendant." *Id.* ¶ 70. Under these circumstances, the Court concluded that the prosecutor's conduct was sufficient to demonstrate a "willful disregard" of the potential for a mistrial, retrial or reversal, and determined that retrial was barred. *Id.*

**{12}** Defendant points to nothing in the record to suggest that such egregious circumstances are present here. *See Breit*, 1996-NMSC-067, ¶ 40 (stating that in determining whether official conduct amounts to "willful disregard" of a resulting mistrial, retrial, or reversal, the appellate court "will carefully examine the prosecutor's conduct in light of the totality of the circumstances of the trial"). Accordingly, we conclude that the record does not support a finding that the prosecutor acted with willful disregard of the possibility of a mistrial. As the record is insufficient to establish the existence of the third *Breit* factor, we reject Defendant's double jeopardy claim. *See Hernandez*, 2017-NMCA-020, ¶ 29 (indicating that, absent a sufficient record to establish the third *Breit* factor, double jeopardy will not bar retrial); *Lucero*, 1999-NMCA-102, ¶ 23 (acknowledging that a conclusion that one of the *Breit* prongs is not satisfied disposes of a defendant's double jeopardy argument).

**{13}** We also reject Defendant's argument that the district court erred by not sua sponte holding a hearing to determine the reason for the prosecutor's question or to

inquire whether the prosecutor had in fact admonished the police witnesses not to mention the basis for the search warrant. We first note that, after the district court ordered the mistrial, the prosecutor apologized and stated on the record that he had warned the witnesses regarding the prohibited testimony, and that there must have been some miscommunication. Both Defendant and the district court appear to have accepted that response, as Defendant did not seek to make any further record on those issues. Moreover, Defendant did not file a motion to dismiss based on *Breit* or a request for a hearing during any stage of the proceedings below, only raising his double jeopardy claim for the first time on appeal following his conviction after retrial. We recognize that this is entirely permissible. *See Breit*, 1996-NMSC-067, ¶ 11 ("The right to be protected from double jeopardy is so fundamental, that it cannot be relinquished even if a conviction is affirmed on appeal."). However, to the extent Defendant believed that a hearing was necessary to inquire into these issues beyond what the prosecutor stated on the record, it was incumbent upon him to request such a hearing. We therefore reject Defendant's assertion that the district court erred by not holding a hearing after declaring the mistrial. *Cf. State v. Collins*, 2005-NMCA-044, ¶ 43, 137 N.M. 353, 110 P.3d 1090 (rejecting the argument that the district court was required to sua sponte take further action where the defendant's objection to improper comment by the prosecutor was sustained), *overruled on other grounds by State v. Willie*, 2009-NMSC-037, ¶ 18, 146 N.M. 481, 212 P.3d 369.

**CONCLUSION**

**{14}** For these reasons, we affirm Defendant's convictions.

**{15}   IT IS SO ORDERED.**

**BRIANA H. ZAMORA, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**ZACHARY A. IVES, Judge**